IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BILLY FOOTE | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-590 |
| BRYAN COLLIER, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Billy Foote, an inmate currently confined at the Leblanc Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Defendants Bryan Collier, R. Chambers, and H.M. Pederson.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural & Factual Background

Plaintiff filed this complaint on December 10, 2021 (doc. # 1). Plaintiff alleges the Defendants violated his constitutional rights by taking his "stimulus check money" on several occasions for court filing fees, indigent supplies, law library services, and medical claims. *Id*.

Standard of Review

An *in forma pauperis* proceeding shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Plaintiffs must state enough facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id*.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

Analysis

*Official Capacity Claims*

To the extent plaintiff asserts an official capacity claim against the Defendants, these claims should be dismissed. The Defendants are employed by the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), which is an agency of the State of Texas. Under the

Eleventh Amendment, states or their agencies may not be sued unless they have consented to the particular type of suit. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Papasan v. Allain*, 478 U.S. 265, 276 (1986). TDCJ is an agency of the State of Texas and would thus be immune from suit under the Eleventh Amendment. *Harris v. Angelina County*, 31 F.3d 331, 338 (5th Cir. 1994) (citing *Ruiz v. Estelle*, 679 F.2d 1115, 1136-1137 & n. 75) (5th Cir. 1982) (dismissing claims against the Board of the predecessor of the TDCJ, because the Board of was "merely an agency of the state"), *cert. denied*, 460 U.S. 1042 (1983); *Loya v. Texas Dep't of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989) (holding the predecessor to the TDCJ immune from suit under Eleventh Amendment). Plaintiff's claims against all the Defendants in their official capacity, therefore, are barred as Eleventh Amendment immunity extends to suits for monetary damages against state officials in their official capacities as well. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 609 n. 10 (2001) (recognizing that "[o]nly States and state officers acting in their official capacity are immune from suits for damages. . ."). As a result, Plaintiff's claims against Defendant Collier, Chambers and Pederson in their official capacity should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

*Property Loss*

Plaintiff appears to raise a constitutional claim for loss of property without due process of law against the Defendants. However, deprivations of property by prison officials, even when intentional, do not violate the due process clause so long as an adequate post-deprivation remedy exists. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Simmons v. Poppell*, 837 F.2d 1243 (5th Cir. 1988);

*Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984).[1] A claimant must either take advantage of the available post-deprivation remedies or show that the available remedies are inadequate. *Hudson*, 468 U.S. at 534-35.

Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. *See, e.g., Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); *Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995); *Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App. – San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with the owner's rights); *Myers v. Adams*, 728 S.W.2d 771, 772 (Tex. 1987). Because Texas law provides an adequate post-deprivation remedy, such as the tort action for conversion against individual defendants, plaintiff's loss of property claim does not state a violation of the Due Process Clause. *See Hudson*, 468 U.S. at 536; *see also Washington v. Collier*, 747 F.App'x 221, *222-23 (5th Cir. Aug. 24, 2018) (the state of Texas afforded prisoner adequate post-deprivation remedy for confiscation of funds from his inmate trust fund account and District Court's dismissal as frivolous was proper). This claim should be dismissed for failure to state a claim and as frivolous.

## Recommendation

Plaintiff's official capacity claim and claim for loss of property without due process of law against Defendants Collier, Chambers and Pederson should be dismissed for failure to state a claim

---

[1] The adequate post-deprivation remedy analysis is not applicable, however, if the deprivation of property results from "established state procedure, rather than random and unauthorized action." *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982). Plaintiff does not allege the purported theft was from an established state procedure.

and as frivolous.

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Serv. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 14th day of September, 2022.

_____
Zack Hawthorn
United States Magistrate Judge