IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BILLY FOOTE | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-590 |
| BRYAN COLLIER, *et al.* | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Billy Foote, an inmate currently confined at the Leblanc Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Bryan Collier, R. Chambers, and H.M. Pederson.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends dismissing this civil action for failure to state a claim and as frivolous [Dkt. 8].

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge [Dkt. 12]. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Plaintiff alleges the Defendants violated his constitutional rights by taking his "stimulus check money" for court filing fees, indigent supplies, law library services, and medical claims. The magistrate judge construed Plaintiff's allegations to say that his "stimulus check money" was taken on several occasions. In his objections, Plaintiff states this construction of his pleadings was in error as he complains that several withdrawals were made in one day to cover court filing fees. Regardless of the construction of Plaintiff's pleadings, Plaintiff's objections fail to address the magistrate judge's legal analysis outlined in the Report and Recommendation. The magistrate judge found that

any such claim was one for loss of property without due process of law by the Defendants and lacked merit as an adequate post-deprivation remedy exists under Texas law through the tort of conversion. *Hawes v. Stephens*, 964 F.3d 412, 418 (5th Cir. 2020); *see also Hudson v. Palmer*, 468 U.S. 517 (1984) (holding that the due process clause is not violated when a state employee intentionally deprives an individual of property where the state has a meaningful post-deprivation remedy). Plaintiff specifically complains that the Defendants violated TDCJ policy when they made several withdrawals in one day from his TDCJ inmate trust account to cover court filing fees. The United States Court of Appeals for the Fifth Circuit has repeatedly held that the Texas tort of conversion provides an adequate post-deprivation remedy to inmates whose property has been confiscated. *Hawes*, 964, F.3d at 418; *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Plaintiff puts forth no factual allegations as to whether he has attempted to avail himself of this post-deprivation remedy nor has he attempted to establish that it is somehow inadequate.

## ORDER

Accordingly, the findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is ADOPTED. A Final Judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED this 7th day of April, 2023.**

Michael J. Truncale
United States District Judge